# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| HENRY E. ARMSTRONG<br>    LA. DOC #313045 | CIVIL ACTION NO. 3:10-cv-1601 |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| WARDEN, OUACHITA PARISH<br>CORRECTIONS CENTER | MAGISTRATE JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

Pro se petitioner Henry Armstrong filed the instant petition for writ of habeas corpus on October 7, 2010. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections; when he filed this petition he was incarcerated at the Ouachita Parish Corrections Center, Monroe, Louisiana. He attacks his 2009 simple robbery conviction in the Fourth Judicial District Court. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust available state court remedies prior to filing his petition.

### *Background*

Petitioner was found guilty as charged of simple robbery following trial by jury in the Fourth Judicial District Court in a criminal prosecution filed under Docket Number 09-F0223-1. On December 14, 2009 he was sentenced to serve seven years at hard labor. [Doc. #1, ¶1-4] Petitioner appealed arguing a single assignment of error – excessiveness of sentence. On September 22, 2010, the Second Circuit affirmed his conviction and sentence. *State of Louisiana v. Henry Ellis*

*Armstrong, Jr.*, 45,602 (La. App. 2 Cir. 9/22/2010), ___ So.3d ___.  Petitioner did not seek further direct review in the Louisiana Supreme Court  [Doc. #1, ¶9(g)], nor did he seek post-conviction relief in the Louisiana Courts. [*Id.*, at ¶10]

Instead, he filed the instant petition for *habeas corpus* on October 7, 2010, raising the following claims for relief: (1) the trial court erred when it ordered the jury to continue its deliberations until it reached a verdict; (2) absence of a material witness at trial; (3) excessiveness of sentence; (4) insufficiency of the evidence (false testimony); (5) ineffective assistance of counsel; and (6) insufficiency of the evidence (no physical or direct evidence).

### Law and Analysis

Petitioner is in custody pursuant to the judgment of a Louisiana court.  Accordingly, the provisions of 28 U.S.C. §2254 apply. That statute provides, as relevant to this proceeding:

> (b)(1) <u>An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless</u> it appears that –
>
> (A) the applicant has <u>exhausted the remedies available in the courts of the State</u>; or
>
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> \*        \*        \*
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (emphasis supplied).

The exhaustion doctrine set forth in § 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989).

The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982).

Federal and state courts are equally obliged to guard and protect rights secured by the Constitution. Therefore, it would be inappropriate for a federal district court to upset a state court conviction without first giving the state court the opportunity to correct the alleged constitutional violation.

To have exhausted his state remedies, a federal *habeas* petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Exhaustion requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor,* 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). In addition, a federal *habeas* petitioner must fairly present his constitutional claim to the highest state court. *Skelton v. Whitley,* 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir.1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In Louisiana, the highest state court is the Louisiana Supreme Court.

Petitioner presented his excessive sentence claim to the Second Circuit Court of Appeals on direct review; however, he admits that he did not present this claim to the Louisiana Supreme Court and therefore his excessive sentence claim remains unexhausted. Further, the remaining claims – (1) the trial court erred when it ordered the jury to continue its deliberations until it reached a verdict;

(2) absence of a material witness; (4) insufficiency of the evidence (false testimony); (5) ineffective assistance of counsel; and (6) insufficiency of the evidence (no physical or direct evidence) have yet to be presented to ANY Louisiana Court.

Absent a showing that state remedies are either unavailable or inadequate, he cannot now proceed in this court in *habeas corpus*. *See* 28 U.S.C. § 2254; *Fuller v. Florida*, 473 F.2d 1383, 1384 (5th Cir.1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir.1972).  Accordingly, dismissal of this federal *habeas corpus* proceeding for lack of exhaustion is warranted.  Of course, the dismissal should be without prejudice to petitioner's right to seek *habeas* relief once he has exhausted state court remedies with respect to his federal *habeas* claims.

Moreover, since the present petition raises <u>only</u> unexhausted claims, the court need  not address the stay and abeyance of mixed *habeas* petitions addressed by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005) (holding that district courts have the discretion to stay rather than dismiss, a <u>mixed</u> *habeas* petition containing exhausted and unexhausted claims if the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics).

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITHOUT PREJUDICE**  because petitioner failed to exhaust available state court remedies prior to seeking *habeas corpus* relief pursuant to §2254.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and

recommendation to file specific, written objections with the Clerk of Court. A  party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

Signed in Chambers, Monroe, Louisiana, November 30, 2010.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**